RULE 409.  GUILTY PLEAS.

(A)  A defendant may plead guilty by:

(1)  notifying the issuing authority in writing of the plea and forwarding to the issuing authority an amount equal to the fine and costs specified in the citation; or

(2)  appearing before the issuing authority for the entry of the plea and imposition of sentence when the fine and costs are not specified in the citation or after receipt of notice that a guilty plea by mail has not been accepted by the issuing authority pursuant to paragraph (B)(3).

(B)  When the defendant pleads guilty pursuant to paragraph (A)(1):

(1)  The defendant must sign the guilty plea acknowledging that the plea is entered voluntarily and understandingly.

(2)  The issuing authority may issue a warrant for the arrest of the defendant as provided in Rules 430 and 431 if the amount forwarded with the plea is less than the amount of the fine and costs specified in the citation.

(3)  Restrictions on the acceptance of guilty plea by mail:

(a)  The issuing authority shall not accept a guilty plea that is submitted by mail when the offense carries a mandatory sentence of imprisonment.

(b)  In those cases in which the charge carries a possible sentence of imprisonment, the issuing authority may accept a guilty plea submitted by mail.

(c)  In any case in which the issuing authority does not accept a guilty plea submitted by mail, the issuing authority shall notify the defendant (1) that the guilty plea has not been accepted, (2) to appear personally before the issuing authority on a date and time certain, and (3) of the right to counsel. Notice of the rejection of the guilty plea by mail also shall be provided to the affiant.

(C)  When the defendant is required to personally appear before the issuing authority to plead guilty pursuant to paragraph (A)(2), the issuing authority shall:

(1) advise the defendant of the right to counsel when there is a likelihood of imprisonment and give the defendant, upon request, a reasonable opportunity to secure counsel;

(2) determine by inquiring of the defendant that the plea is voluntarily and understandingly entered;

(3) have the defendant sign the plea form with a representation that the plea is entered voluntarily and understandingly;

(4) impose sentence, or, in cases in which the defendant may be sentenced to intermediate punishment, the issuing authority may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment; and

(5) provide for installment payments when a defendant who is sentenced to pay a fine and costs is without the financial means immediately to pay the fine and costs.

COMMENT: The rule was amended in 2007 to make it clear (1) that a defendant may not enter a guilty plea by mail to an offense that carries a mandatory sentence of imprisonment, and (2) in those cases in which the offense carries a possible sentence of imprisonment, the issuing authority has the discretion whether or not to accept a guilty plea submitted by mail.

Nothing in this rule is intended to require that an issuing authority should proceed as provided in paragraph (C) when the defendant returns the written guilty plea and the fine and costs in person to the issuing authority's office pursuant to paragraphs (A)(1) and (B). The issuing authority's staff should record receipt of the plea and monies in the same manner as those received by mail.

Paragraph (C)(4) was added in 2007 to permit an issuing authority to delay imposition of sentence in order to investigate a defendant's eligibility for intermediate punishment. For example, under 42 Pa.C.S. § 9763 and § 9804, defendants may be sentenced to intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. § 1543(b) (driving while license is

2

under a DUI-related suspension) but only if they meet certain eligibility requirements, such as undergoing a drug and alcohol assessment. Often this information will not be available to the issuing authority at the time of sentencing, especially when the defendant appears personally to enter a guilty plea.

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment. *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

***See* Rule 454(F) for the information that must be included in the sentencing order when restitution is included in the sentence.**

For the procedure upon default in payment of the fine or costs, see Rule 456.

For appeal procedures in summary cases, see Rules 460, 461, and 462.

For procedures regarding arrest warrants, see Rules 430 and 431.

**[With regard to the defendant's right to counsel and waiver of counsel, see Rules 121 and 122.]**

**Concerning the appointment or waiver of counsel, see Rules 121 and 122.**

NOTE: Previous Rule 59 adopted September 18, 1973, effective January 1, 1974; rescinded July 12, 1985, effective January 1, 1986, and replaced by present Rule 75. Present Rule 59 adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986. The January 1, 1986 effective dates are all extended to July 1, 1986; amended May 28, 1987, effective July 1, 1987; amended January 31, 1991, effective July 1, 1991;

renumbered Rule 409 and amended March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; amended January 26, 2007, effective February 1, 2008**;** *Comment* revised July 17, 2013, effective August 17, 2013 **[.]** **;** *Comment* **revised March 9, 2016, effective July 1, 2016.**

\*　　　\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Report</u> explaining the January 31, 1991 amendments published at 20 <u>Pa.B.</u> 4788 (September 15, 1990); <u>Supplemental</u> <u>Report</u> published at 21 <u>Pa.B.</u> 621 (February 16, 1991).*

*Final <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*Final <u>Report</u> explaining the August 7, 2003 new <u>Comment</u> language concerning defendants under the age of 18 published with the Court's Order at 33 <u>Pa.B.</u> 4289 (August 30, 2003).*

*Final <u>Report</u> explaining the January 26, 2007 amendments to paragraphs (A)(2), (B)(3), and (C)(4) published with the Court's Order at 37 <u>Pa.B.</u> 752 (February 17, 2007).*

*Final <u>Report</u> explaining the July 17, 2013 <u>Comment</u> revision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B. 4323 (August 3, 2013).*

*<u>Final Report explaining the March 9, 2016 Comment revision concerning the Rule 454 restitution procedures published with the Court's Order at 46 Pa.B.　(　　　, 2016).</u>*

RULE 414.  GUILTY PLEAS.

(A)  A defendant may plead guilty by:

(1)  notifying the issuing authority in writing of the plea and forwarding to the issuing authority an amount equal to the fine and costs specified in the summons; or

(2)  appearing before the issuing authority for the entry of the plea and imposition of sentence when the fine and costs are not specified in the summons or after receipt of notice that a guilty plea by mail has not been accepted by the issuing authority pursuant to paragraph (B)(3).

(B)  When the defendant pleads guilty pursuant to paragraph (A)(1):

(1)  The defendant must sign the guilty plea acknowledging that the plea is entered voluntarily and understandingly.

(2)  The issuing authority may issue a warrant for the arrest of the defendant as provided in Rules 430 and 431 if the amount forwarded with the plea is less than the amount of the fine and costs specified in the summons.

(3)  Restrictions on the acceptance of guilty plea by mail:

(a)  The issuing authority shall not accept a guilty plea that is submitted by mail when the offense carries a mandatory sentence of imprisonment.

(b)  In those cases in which the charge carries a possible sentence of imprisonment, the issuing authority may accept a guilty plea submitted by mail.

(c)  In any case in which the issuing authority does not accept a guilty plea submitted by mail, the issuing authority shall notify the defendant (1) that the guilty plea has not been accepted, (2) to appear personally before the issuing authority on a date and time certain, and (3) of the right to counsel. Notice of the rejection of the guilty plea by mail also shall be provided to the affiant.

(C)  When the defendant is required to personally appear before the issuing authority to plead guilty pursuant to paragraph (A)(2) the issuing authority shall:

5

(1)  advise the defendant of the right to counsel when there is a likelihood of imprisonment and give the defendant, upon request, a reasonable opportunity to secure counsel;

(2)  determine by inquiring of the defendant that the plea is voluntarily and understandingly entered;

(3)  have the defendant sign the plea form with a representation that the plea is entered voluntarily and understandingly;

(4)  impose sentence, or, in cases in which the defendant may be sentenced to intermediate punishment, the issuing authority may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment; and

(5)  provide for installment payments when a defendant who is sentenced to pay a fine and costs is without the financial means immediately to pay the fine and costs.

> COMMENT:  The rule was amended in 2007 to make it clear (1) that a defendant may not enter a guilty plea by mail to an offense that carries a mandatory sentence of imprisonment, and (2) in those cases in which the offense carries a possible sentence of imprisonment, the issuing authority has the discretion whether or not to accept a guilty plea submitted by mail.
>
> Nothing in this rule is intended to require that an issuing authority should proceed as provided in paragraph (C) when the defendant returns the written guilty plea and the fine and costs in person to the issuing authority's office pursuant to paragraphs (A)(1) and (B).  The issuing authority's staff should record receipt of the plea and monies in the same manner as those received by mail.
>
> Paragraph (C)(4) was added in 2007 to permit an issuing authority to delay imposition of sentence in order to investigate a defendant's eligibility for intermediate punishment.  For example, under 42 Pa.C.S. § 9763 and §9804, defendants may be sentenced to intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. § 1543(b) (driving while license is

under a DUI-related suspension) but only if they meet certain eligibility requirements, such as undergoing a drug and alcohol assessment.  Often this information will not be available to the issuing authority at the time of sentencing, especially when the defendant appears personally to enter a guilty plea.

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment.  *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

***See* Rule 454(F) for the information that must be included in the sentencing order when restitution is included in the sentence.**

For the procedure upon default in payment of the fine or costs, see Rule 456.

For appeal procedures in summary cases, see Rules 460, 461, and 462.

For arrest warrant procedures, see Rules 430 and 431.

**[With regard to the defendant's right to counsel and waiver of counsel, see Rules 121 and 122.]**

**Concerning the appointment or waiver of counsel, see Rules 121 and 122.**


NOTE:  Previous rule, originally numbered Rule 136, adopted January 31, 1970, effective May 1, 1970; renumbered Rule 64 September 18, 1973, effective January 1, 1974; rescinded July 12, 1985, effective January 1, 1986, and replaced by present Rule 84.  Present Rule 64 adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986.  The January 1, 1986 effective dates all are extended to July 1, 1986; amended May 28, 1987, effective July 1, 1987;

7

amended January 31, 1991, effective July 1, 1991; renumbered Rule 414 and amended March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; amended January 26, 2007, effective February 1, 2008; *Comment* revised July 17, 2013, effective August 17, 2013 **[.] ;** *Comment* **revised March 9, 2016, effective July 1, 2016.**

\* \* \* \* \* \*

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

<u>*Report*</u> *explaining the January 31, 1991 amendments published at 20* <u>*Pa.B.*</u> *4788 (September 15, 1990);* <u>*Supplemental*</u> <u>*Report*</u> *published at 21* <u>*Pa.B.*</u> *621 (February 16, 1991).*

*Final* <u>*Report*</u> *explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30* <u>*Pa.B.*</u> *1478 (March 18, 2000).*

*Final* <u>*Report*</u> *explaining the August 7, 2002 new* <u>*Comment*</u> *language concerning defendants under the age of 18 published with the Court's Order at 33* <u>*Pa.B.*</u> *4289 (August 30, 2003).*

*Final* <u>*Report*</u> *explaining the January 26, 2007 amendments to paragraphs (A)(2), (B)(3), and (C)(4) published with the Court's Order at 37* <u>*Pa.B.*</u> *752 (February 17, 2007).*

*Final* <u>*Report*</u> *explaining the July 17, 2013* <u>*Comment*</u> *revision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B. 4323 (August 3, 2013).*

<u>*Final Report explaining the March 9, 2016 Comment revision concerning the Rule 454 restitution procedures published with the Court's Order at 46 Pa.B.     (          , 2016).*</u>

RULE 424.  GUILTY PLEAS.

(A)  A defendant may plead guilty by:

(1)  notifying the issuing authority in writing of the plea and forwarding to the issuing authority an amount equal to the fine and costs specified in the summons; or

(2)  appearing before the issuing authority for the entry of the plea and imposition of sentence when the fine and costs are not specified in the summons or after receipt of notice that a guilty plea by mail has not been accepted by the issuing authority pursuant to paragraph (B)(3).

(B)  When the defendant pleads guilty pursuant to paragraph (A)(1):

(1)  The defendant must sign the guilty plea acknowledging that the plea is entered voluntarily and understandingly.

(2)  The issuing authority may issue a warrant for the arrest of the defendant as provided in Rules 430 and 431 if the amount forwarded with the plea is less than the amount of the fine and costs specified in the summons.

(3)  Restrictions on the acceptance of guilty plea by mail:

(a)  The issuing authority shall not accept a guilty plea that is submitted by mail when the offense carries a mandatory sentence of imprisonment.

(b)  In those cases in which the charge carries a possible sentence of imprisonment, the issuing authority may accept a guilty plea submitted by mail.

(c)  In any case in which the issuing authority does not accept a guilty plea submitted by mail, the issuing authority shall notify the defendant (1) that the guilty plea has not been accepted, (2) to appear personally before the issuing authority on a date and time certain, and (3) of the right to counsel. Notice of the rejection of the guilty plea by mail also shall be provided to the affiant.

(C)  When the defendant is required to personally appear before the issuing authority to plead guilty pursuant to paragraph (A)(2), the issuing authority shall:

9

(1)  advise the defendant of the right to counsel when there is a likelihood of imprisonment and give the defendant, upon request, a reasonable opportunity to secure counsel;

(2)  determine by inquiring of the defendant that the plea is voluntarily and understandingly entered;

(3)  have the defendant sign the plea form with a representation that the plea is entered voluntarily and understandingly;

(4)  impose sentence, or, in cases in which the defendant may be sentenced to intermediate punishment, the issuing authority may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment; and

(5)  provide for installment payments when a defendant who is sentenced to pay a fine and costs is without the financial means immediately to pay the fine and costs.

> COMMENT:  The rule was amended in 2007 to make it clear (1) that a defendant may not enter a guilty plea by mail to an offense that carries a mandatory sentence of imprisonment, and (2) in those cases in which the offense carries a possible sentence of imprisonment, the issuing authority has the discretion whether or not to accept a guilty plea submitted by mail.
>
> Nothing in this rule is intended to require that an issuing authority should proceed as provided in paragraph (C) when the defendant returns the written guilty plea and the fine and costs in person to the issuing authority's office pursuant to paragraphs (A)(1) and (B).  The issuing authority's staff should record receipt of the plea and monies in the same manner as those received by mail.
>
> Paragraph (C)(4) was added in 2007 to permit an issuing authority to delay imposition of sentence in order to investigate a defendant's eligibility for intermediate punishment.  For example, under 42 Pa.C.S. § 9763 and § 9804, defendants may be sentenced to intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. § 1543(b) (driving while license is

under a DUI-related suspension) but only if they meet certain eligibility requirements, such as undergoing a drug and alcohol assessment. Often this information will not be available to the issuing authority at the time of sentencing, especially when the defendant appears personally to enter a guilty plea.

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment. *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

***See* Rule 454(F) for the information that must be included in the sentencing order when restitution is included in the sentence.**

For the procedure upon default in payment of the fine or costs, see Rule 456.

For appeal procedures in summary cases, see Rules 460, 461, and 462.

For procedures regarding arrest warrants, see Rules 430 and 431.

**[With regard to the defendant's right to counsel and waiver of counsel, see Rules 121 and 122.]**

**Concerning the appointment or waiver of counsel, see Rules 121 and 122.**


NOTE: Previous rule, originally numbered Rule 140, adopted January 31, 1970, effective May 1, 1970; renumbered Rule 69 September 18, 1973, effective January 1, 1974; *Comment* revised January 28, 1983, effective July 1, 1983; rescinded July 12, 1985, effective January 1, 1986, and not replaced in these rules. Present Rule 69 adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986. The

January 1, 1986 effective dates are all extended to July 1, 1986; amended May 28, 1987, effective July 1, 1987; amended January 31, 1991, effective July 1, 1991; renumbered Rule 424 and amended March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; amended January 26, 2007, effective February 1, 2008; *Comment* revised July 17, 2013, effective August 17, 2013 **[.] ; *Comment* revised March 9, 2016, effective July 1, 2016.**

\*      \*      \*      \*      \*      \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the January 31, 1991 amendments published at 20 Pa.B. 4788 (September 15, 1990); Supplemental Report published at 21 Pa.B. 621 (February 16, 1991).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 7, 2003 new Comment language concerning defendants under the age of 18 published with the Court's Order at 33 Pa.B. 4289 (August 30, 2003).*

*Final Report explaining the January 26, 2007 amendments to paragraphs (A)(2), (B)(3), and (C)(4) published with the Court's Order at 37 Pa.B. 752 (February 17, 2007).*

*Final Report explaining the July 17, 2013 Comment revision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B. 4323 (August 3, 2013).*

*Final Report explaining the March 9, 2016 Comment revision concerning the Rule 454 restitution procedures published with the Court's Order at 46 Pa.B.    (          , 2016).*

RULE 454.  TRIAL IN SUMMARY CASES.

(A)  Immediately prior to trial in a summary case:

(1)  the defendant shall be advised of the charges in the citation or complaint;

(2)  if, in the event of a conviction, there is a reasonable likelihood of a sentence of imprisonment or probation, the defendant shall be advised of the right to counsel and

(a) upon request, the defendant shall be given a reasonable opportunity to secure counsel, or

(b)  if the defendant is without financial resources or is otherwise unable to employ counsel, counsel shall be assigned as provided in Rule 122; and

(3)  the defendant shall enter a plea.

(B)  If the defendant pleads guilty, the issuing authority shall impose sentence.  If the defendant pleads not guilty, the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the courts of common pleas when jury trial has been waived; however, in all summary cases arising under the Vehicle Code or local traffic ordinances, the law enforcement officer observing the defendant's alleged offense may, but shall not be required to, appear and testify against the defendant.  In no event shall the failure of the law enforcement officer to appear, by itself, be a basis for dismissal of the charges against the defendant.

(C)  The attorney for the Commonwealth may appear and assume charge of the prosecution.  When the violation of an ordinance of a municipality is charged, an attorney representing that municipality, with the consent of the attorney for the Commonwealth, may appear and assume charge of the prosecution.  When no attorney appears on behalf of the Commonwealth, the affiant may be permitted to ask questions of any witness who testifies.

(D)  The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial, except as provided in paragraph (E).

(E)  If the defendant may be sentenced to intermediate punishment, the issuing authority may delay imposing sentence pending confirmation of the defendant's eligibility for intermediate punishment.

(F)  At the time of sentencing, the issuing authority shall:

(1)  if the defendant's sentence includes restitution, a fine, or costs, state**:**

    **(a)  the amount of the fine and the obligation to pay costs;**

    **(b)  the amount of restitution ordered, including**

        **(i)  the identity of the payee(s),**

        **(ii) to whom the restitution payment shall be made, and**

        **(iii) whether any restitution has been paid and in what amount; and**

    **(c)** the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the issuing authority may provide for installment payments and shall state the date on which each installment is due;

(2)  advise the defendant of the right to appeal within 30 days for a trial *de novo* in the court of common pleas, and that if an appeal is filed:

    (a)  the execution of sentence will be stayed and the issuing authority may set bail or collateral; and

    (b)  the defendant must appear for the *de novo* trial or the appeal may be dismissed;

(3)  if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period, and advise that, if the defendant fails to appear on that date, a warrant for the defendant's arrest will be issued; and

(4)  issue a written order imposing sentence, signed by the issuing authority.  The order shall include the information specified in paragraphs (F)(1) through (F)(3), and a copy of the order shall be given to the defendant.

    COMMENT:  No defendant may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial. *See Alabama v. Shelton*, 535 U.S. 654

(2002), *Scott v. Illinois*, 440 U.S. 367 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25 (1972). *See* Rules 121 and 122.

The affiant may be permitted to withdraw the charges pending before the issuing authority. *See* Rule 457 (Withdrawal of Charges in Summary Cases).

Paragraph (F)(2)(b) is included in the rule in light of *North v. Russell*, 427 U.S. 328 (1976). For the procedures for taking, perfecting, and handling an appeal, see Rules 460, 461, and 462.

As the judicial officer presiding at the summary trial, the issuing authority controls the conduct of the trial generally. When an attorney appears on behalf of the Commonwealth or on behalf of a municipality pursuant to paragraph (C), the prosecution of the case is under the control of that attorney. When no attorney appears at the summary trial on behalf of the Commonwealth, or a municipality, the issuing authority may ask questions of any witness who testifies, and the affiant may request the issuing authority to ask specific questions. In the appropriate circumstances, the issuing authority may also permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the issuing authority.

Although the scheduling of summary trials is left by the rules to the discretion of the issuing authority, it is intended that trial will be scheduled promptly upon receipt of a defendant's plea or promptly after a defendant's arrest. When a defendant is incarcerated pending a summary trial, it is incumbent upon the issuing authority to schedule trial for the earliest possible time.

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment. *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

15

Under paragraph (F)(2)(a), the issuing authority should explain to the defendant that if an appeal is filed, any sentence, including imprisonment, fines, or restitution, will be stayed.

When setting the specific date for the defendant to appear for execution of a sentence of imprisonment pursuant to paragraph (F)(3), the issuing authority should set the earliest possible date for sentencing after the appeal period expires.

When a defendant has waived the stay of the sentence of imprisonment pursuant to Rule 461, the issuing authority may fix the commencement date of the sentence to be the date of conviction, rather than after the 30-day stay period has expired. The defendant, of course, still would be able to pursue an appeal under Rules 460-462.

For the statutory authority to sentence a defendant to pay a fine, see 42 Pa.C.S. § 9726.

For the statutory authority to sentence a defendant to pay restitution, see 42 Pa.C.S. § 9721(c) and 18 Pa.C.S. § 1106(c). *See also* 18 Pa.C.S. § 1106(c)(2)(iii), which prohibits the court from ordering the incarceration of a defendant for failure to pay restitution if the failure results from the defendant's inability to pay.

Before imposing both a fine and restitution, the issuing authority must determine that the fine will not prevent the defendant from making restitution to the victim. *See* 42 Pa.C.S. §§ 9726(c)(2) and 9730(b)(3).

**Certain costs are mandatory and must be imposed. *See, e.g.*, Section 1101 of the Crime Victims Act, 18 P.S. § 11.1101.**

Paragraph (E) permits an issuing authority to delay imposing sentence in summary cases in order to investigate a defendant's eligibility for intermediate punishment. For example, under 42 Pa.C.S. § 9763 and § 9804, defendants may be sentenced to intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. §

16

1543(b) (driving while license is under a DUI-related suspension) but only if they meet certain eligibility requirements, such as undergoing a drug and alcohol assessment. Often this information will not be available to the issuing authority at the time of sentencing.

*See* Rule 456 for the procedures when a defendant defaults in the payment of restitution, fines, or costs.

**For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.**

A defendant should be encouraged to seek an adjustment of a payment schedule for restitution, fines, or costs before a default occurs. *See* Rule 456(A).

NOTE: Rule 83 adopted July 12, 1985, effective January 1, 1986; amended September 23, 1985, effective January 1, 1986; January 1, 1986 effective dates extended to July 1, 1986; amended February 2, 1989, effective March 1, 1989; amended October 28, 1994, effective as to cases instituted on or after January 1, 1995; *Comment* revised April 18, 1997, effective July 1, 1997; amended October 1, 1997, effective October 1, 1998; *Comment* revised February 13, 1998, effective July 1, 1998; renumbered Rule 454 and *Comment* revised March 1, 2000, effective April 1, 2001; amended February 28, 2003, effective July 1, 2003; *Comment* revised August 7, 2003, effective July 1, 2004; amended March 26, 2004, effective July 1, 2004; amended January 26, 2007, effective February 1, 2008; *Comment* revised July 17, 2013, effective August 17, 2013 **[.]; amended March 9, 2016, effective July 1, 2016.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the October 28, 1994 amendments published with the Court's Order at 24 Pa.B. 5841 (November 26, 1994).*

17

*Final Report* explaining the April 18, 1997 *Comment* revision cross-referencing new Rule 87 published with the Court's Order at 27 *Pa.B.* 2119 (May 3, 1997).

*Final Report* explaining the October 1, 1997 amendments to paragraph (E) and the *Comment* concerning the procedures at the time of sentencing published with the Court's Order at 27 *Pa.B.* 5414 (October 18, 1997).

*Final Report* explaining the February 13, 1998 *Comment* revision concerning questioning of witnesses published with the Court's Order at 28 *Pa.B.* 1127 (February 28, 1998).

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 *Pa.B.* 1478 (March 18, 2000).

*Final Report* explaining the February 28, 2003 amendments published with the Court's Order at 33 *Pa.B.* 1326 (March 15, 2003).

*Final Report* explaining the August 7, 2003 changes to the *Comment* concerning defendants under the age of 18 published with the Court's Order at 33 *Pa.B.* 4293 (August 30, 2003).

*Final Report* explaining the March 26, 2004 changes concerning *Alabama v. Shelton* published with the Court's Order at 34 *Pa.B.* 1929 (April 10, 2004).

*Final Report* explaining the January 26, 2007 amendments adding paragraph (E) concerning intermediate punishment published with the Court's Order at 37 *Pa.B.* 752 (February 17, 2007).

*Final Report* explaining the July 17, 2013 *Comment* revision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 *Pa.B.* 4323 (August 3, 2013).

*Final Report explaining the March 9, 2016 amendments to paragraph (F) concerning required elements of the sentence published with the Court's Order at 46 Pa.B.     (     , 2016).*

18

RULE 455.  TRIAL IN DEFENDANT'S ABSENCE.

(A)  If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.  If the trial is not conducted in the defendant's absence, the issuing authority may issue a warrant for the defendant's arrest.

(B)  At trial, the issuing authority shall proceed to determine the facts and render a verdict.

(C)  If the defendant is found not guilty, any collateral previously deposited shall be returned.

(D)  If the defendant is found guilty, the issuing authority shall impose sentence, and shall give notice by first class mail to the defendant of the conviction and sentence, and of the right to file an appeal within 30 days for a trial *de novo*.  In those cases in which the amount of collateral deposited does not satisfy the fine and costs imposed or the issuing authority imposes a sentence of restitution, the notice shall also state that failure within 10 days of the date on the notice to pay the amount due or to appear for a hearing to determine whether the defendant is financially able to pay the amount due may result in the issuance of an arrest warrant.

(E)  Any collateral previously deposited shall be forfeited and applied only to the payment of the fine and costs.  When the amount of collateral deposited is more than the fine and costs, the balance shall be returned to the defendant.

(F)  If the defendant does not respond within 10 days to the notice in paragraph (D), the issuing authority may issue a warrant for the defendant's arrest.

> COMMENT:  In those cases in which the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence, the issuing authority may issue a warrant for the arrest of the defendant in order to have the defendant brought before the issuing authority for the summary trial.  *See* Rule 430(B).  The trial would then be conducted with the defendant present as provided in these rules.  *See* Rule 454.

When the defendant was under 18 years of age at the time of the offense and is charged with a summary offense that would otherwise carry a mandatory sentence of imprisonment as prescribed by statute, the issuing authority is required to conduct the summary trial but may not sentence the defendant to a term of imprisonment. *See* 42 Pa.C.S. §§ 6302 and 6303 and 75 Pa.C.S. § 6303(b).

Paragraph (D) provides notice to the defendant of conviction and sentence after trial *in absentia* to alert the defendant that the time for filing an appeal has begun to run. *See* Rule**s** **408(B)(3),** 413(B)(3)**, and 423(B)(3)**.

***S**ee* **Rule 454(F) for what information must be included in a sentencing order when restitution is included in the sentence.**

Except in cases under the Public School Code of 1949, 24 P.S. § 1-102, *et seq.*, in which the defendant is at least 13 years of age but not yet 17, if the defendant is under 18 years of age, the notice in paragraph (D) must inform the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority will certify notice of the failure to pay to the court of common pleas as required by the Juvenile Act, 42 Pa.C.S. § 6302, definition of "delinquent act," paragraph (2)(iv), and the case will proceed pursuant to the Rules of Juvenile Court Procedure and the Juvenile Act instead of these rules.

If the defendant is charged with a violation of the compulsory attendance requirements of the Public School Code of 1949, 24 P.S. § 1-102, *et seq.;* has attained the age of 13 but is not yet 17; and has failed to pay the fine, the issuing authority must issue the notice required by paragraph **[(B)(4)] (D)** to the defendant and the defendant's parents, guardian, or other custodian informing the defendant and defendant's parents, guardian, or other custodian that, if payment is not received or the defendant does not appear within the 10-day time period, the issuing authority may allege the defendant dependent under 42 Pa.C.S. § 6303(a)(1). Pursuant to 24 P.S. § 13-1333(b)(2), the defendant's failure to pay is not a

delinquent act and the issuing authority would not certify notice of the failure to pay to the common pleas court.

If the defendant is 18 years of age or older and fails to pay or appear as required in paragraph (D), the issuing authority must proceed under these rules.

**[For the defendant's right to counsel, see Rule 122.]**

**<u>Concerning the appointment or waiver of counsel, see Rules 121 and 122.</u>**

For arrest warrant procedures in summary cases, see Rules 430 and 431.

NOTE:  Rule 84 adopted July 12, 1985, effective January 1, 1986; January 1, 1986 effective date extended to July 1, 1986; amended February 1, 1989, effective July 1, 1989; amended April 18, 1997, effective July 1, 1997; amended October 1, 1997, effective October 1, 1998; renumbered Rule 455 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised August 7, 2003, effective July 1, 2004; *Comment* revised April 1, 2005, effective October 1, 2005; amended August 15, 2005, effective February 1, 2006; *Comment* revised January 17, 2013, effective May 1, 2013; *Comment* revised July 17, 2013, effective August 17, 2013 **[.]** **<u>; *Comment* revised March 9, 2016, effective July 1, 2016.</u>**

\*       \*       \*       \*       \*       \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the April 18, 1997 amendments mandating a summary trial <u>in</u> <u>absentia</u> with certain exceptions published with the Court's Order at 27 <u>Pa.B.</u> 2117 (May 3, 1997).*

*<u>Final</u> <u>Report</u> explaining the October 1, 1997 amendments to paragraphs (D) and (E) published with the Court's Order at 27 <u>Pa.B.</u> 5414 (October 1, 1997).*

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the August 7, 2003 changes to the Comment concerning failure to pay and juveniles published with the Court's Order at 33 Pa.B. 4293 (August 30, 2003).

*Final Report* explaining the April 1, 2005 Comment revision concerning application of the Juvenile Court Procedural Rules published with the Court's Order at 35 Pa.B. 2213 (April 16, 2005).

*Final Report* explaining the August 15, 2005 amendments to paragraph (D) concerning notice of right to appeal published with the Court's Order at 35 Pa.B. 4918 (September 3, 2005).

*Final Report* explaining the January 17, 2013 revisions of the Comment concerning the Public School Code of 1949 published with the Court's Order at 43 Pa.B. 654 (February 2, 2013).

*Final Report* explaining the July 17, 2013 Comment revision concerning mandatory incarceration offenses and juveniles published with the Court's Order at 43 Pa.B. 4323 (August 3, 2013).

*Final Report explaining the March 9, 2016 Comment revision cross-referencing the sentencing provision in Rule 454(F) published with the Court's Order at 46 Pa.B. (          , 2016).*

RULE 462.  TRIAL *DE NOVO*.

(A)  When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

(B)  The attorney for the Commonwealth may appear and assume charge of the prosecution.  When the violation of an ordinance of a municipality is charged, an attorney representing that municipality, with the consent of the attorney for the Commonwealth, may appear and assume charge of the prosecution.  When no attorney appears on behalf of the Commonwealth, the affiant may be permitted to ask questions of any witness who testifies.

(C)  In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify.  The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

> (1)  the defendant waives the presence of the law enforcement officer in open court on the record;
>
> (2)  the defendant waives the presence of the law enforcement officer by filing a written waiver signed by the defendant and defense counsel, or the defendant if proceeding *pro se*, with the clerk of courts; or
>
> (3)  the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

(D)  If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

(E)  If the defendant withdraws the appeal, the trial judge shall enter judgment in the court of common pleas on the judgment of the issuing authority.

(F)  The verdict and sentence, if any, shall be announced in open court immediately upon the conclusion of the trial, or, in cases in which the defendant may be sentenced to intermediate punishment, the trial judge may delay the proceedings pending confirmation of the defendant's eligibility for intermediate punishment.

(G)  At the time of sentencing, the trial judge shall:

> (1)  if the defendant's sentence includes restitution, a fine, or costs, state**:**
>
> > **(a)  the amount of the fine and the obligation to pay costs;**

**(b)  the amount of restitution ordered, including**

> **(i)  the identity of the payee(s),**

> **(ii) to whom the restitution payment shall be made, and**

> **(iii) whether any restitution has been paid and in what amount; and**

**(c)** the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the trial judge may provide for installment payments and shall state the date on which each installment is due;

(2)  advise the defendant of the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed and the trial judge may set bail;

(3)  if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(4)  issue a written order imposing sentence, signed by the trial judge.  The order shall include the information specified in paragraphs (G)(1) through (G)(3), and a copy of the order shall be given to the defendant.

(H)  After sentence is imposed by the trial judge, the case shall remain in the court of common pleas for the execution of sentence, including the collection of any fine and restitution, and for the collection of any costs.

> COMMENT:  This rule is derived from former Rule 86(G) and former Rule 1117(c).

> This rule was amended in 2000 to make it clear in a summary criminal case that the defendant may file an appeal for a trial *de novo* following the entry of a guilty plea.

> "Entry," as used in paragraph (A) of this rule, means the date on which the issuing authority enters or records the guilty plea, the conviction, or other order in the magisterial district judge computer system.

The procedures for conducting the trial *de novo* in the court of common pleas set forth in paragraphs (B), (F), and (G) are comparable to the summary case trial procedures in Rule 454 (Trial in Summary Cases).

Pursuant to paragraph (B), the decision whether to appear and assume control of the prosecution of the trial *de novo* is solely within the discretion of the attorney for the Commonwealth. When no attorney appears at the trial *de novo* on behalf of the Commonwealth or a municipality, the trial judge may ask questions of any witness who testifies, and the affiant may request the trial judge to ask specific questions. In the appropriate circumstances, the trial judge also may permit the affiant to question Commonwealth witnesses, cross-examine defense witnesses, and make recommendations about the case to the trial judge.

The provisions of paragraph (C) that permit the court to continue the case if there is good cause for the officer's unavailability were added in response to *Commonwealth v. Hightower*, **[438 Pa. Super. 400,]** 652 A.2d 873 (**Pa. Super.** 1995).

Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority.

Paragraph (F) was amended in 2008 to permit a trial judge to delay imposition of sentence in order to investigate a defendant's eligibility for intermediate punishment for certain offenses, including summary violations of 75 Pa.C.S. §1543(b) (driving while license is under a DUI-related suspension), but only if he or she meets certain eligibility requirements, such as undergoing a drug and alcohol assessment. Potentially this information may not be available to the trial judge following a trial *de novo* at the time of sentencing.

Pursuant to paragraph (G), if the defendant is convicted, the trial judge must impose sentence, and advise the defendant of the payment schedule, if any, and the defendant's appeal rights. *See* Rule 704(A)(3) and Rule 720(D). No defendant

may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial. *See Alabama v. Shelton*, 535 U.S. 654 (2002), *Scott v. Illinois*, 440 U.S. 367 (1979), and *Argersinger v. Hamlin*, 407 U.S. 25 (1972).

**Certain costs are mandatory and must be imposed. *See, e.g.*, Section 1101 of the Crime Victims Act, 18 P.S. § 11.1101.**

Once sentence is imposed, paragraph (H) makes it clear that the case is to remain in the court of common pleas for execution of the sentence and collection of any costs, and the case may not be returned to the magisterial district judge. The execution of sentence includes the collection of any fines and restitution.

**For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.**

For the procedures for appeals from the Philadelphia Municipal Court Traffic Division, see Rule 1037.

NOTE: Former Rule 86 adopted July 12, 1985, effective January 1, 1986; revised September 23, 1985, effective January 1, 1986; the January 1, 1986 effective dates extended to July 1, 1986; amended February 2, 1989, effective March 1, 1989; amended March 22, 1993, effective January 1, 1994; amended October 28, 1994, effective as to cases instituted on or after January 1, 1995; amended February 27, 1995, effective July 1, 1995; amended October 1, 1997, effective October 1, 1998; amended May 14, 1999, effective July 1, 1999; rescinded March 1, 2000, effective April 1, 2001, and paragraph (G) replaced by Rule 462. New Rule 462 adopted March 1, 2000, effective April 1, 2001; amended March 3, 2000, effective July 1, 2000; amended February 28, 2003, effective July 1, 2003; *Comment* revised March 26, 2004, effective July 1, 2004; amended January 18, 2007, effective August 1, 2007; amended December 16, 2008, effective February 1, 2009; *Comment* revised October 16, 2009, effective February 1, 2010; *Comment* revised May 7, 2014, effective immediately **[.] ; amended March 9, 2016, effective July 1, 2016.**

*       *       *       *       *       *

*COMMITTEE EXPLANATORY REPORTS:*

FORMER RULE **86:**

*Final Report explaining the March 22, 1993 amendments to former Rule 86 published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).*

*Final Report explaining the October 28, 1994 amendments to former Rule 86 published with the Court's Order at 24 Pa.B. 5843 (November 26, 1994).*

*Final Report explaining the February 27, 1995 amendments to former Rule 86 published with the Court's Order at 25 Pa.B. 935 (March 18, 1995).*

*Final Report explaining the October 1, 1997 amendments to former Rule 86 concerning stays published with the Court's Order at 27 Pa.B. 5408 (October 18, 1997).*

*Final Report explaining the May 14, 1999 amendments to former Rule 86, paragraph (G), concerning the police officer's presence published with the Court's Order at 29 Pa.B. 2776 (May 29, 1999).*

NEW RULE **462:**

*Final Report explaining the reorganization and renumbering of the rules and the provisions of Rule 462 published at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 3, 2000 amendments concerning appeals from guilty pleas published with the Court's Order at 30 Pa.B. 1508 (March 18, 2000).*

*Final Report explaining the February 28, 2003 amendments published with the Court's Order at 33 Pa.B. 1326 (March 15, 2003).*

*Final Report explaining the March 26, 2004 Comment revision*

*published with the Court's Order at 34 <u>Pa.B.</u> 1931 (April 10, 2004).*

*<u>Final</u> <u>Report</u> explaining the January 18, 2007 amendment to paragraph (G)(2) published with the Court's Order at 37 <u>Pa.B.</u> 523 (February 3, 2007).*

*<u>Final</u> <u>Report</u> explaining the December 16, 2008 amendments to permit delay in sentencing for determination of intermediate punishment status published with the Court's Order at 39 <u>Pa.B.</u> 8 (January 3, 2009).*

*<u>Final</u> <u>Report</u> explaining the October 16, 2009 <u>Comment</u> revision regarding new Rule 1037 and procedures for the appeal from the Philadelphia Traffic Court published with the Court's Order at 39 <u>Pa.B.</u> 6327 (October 31, 2009).*

*<u>Final</u> <u>Report</u> explaining the May 7, 2014 <u>Comment</u> revision changing the cross-reference to the Philadelphia Traffic Court to the Traffic Division of the Philadelphia Municipal Court published with the Court's Order at 44 <u>Pa.B.</u> 3056 (May 24, 2014).*

<u>*Final Report explaining the March 9, 2016 amendments to paragraph (G) concerning required elements of the sentence published with the Court's Order at 46 Pa.B.    (    , 2016).*</u>

RULE 550.  PLEAS OF GUILTY BEFORE MAGISTERIAL DISTRICT JUDGE IN
            COURT CASES.

(A)  In a court case in which a magisterial district judge is specifically empowered by statute to exercise jurisdiction, a defendant may plead guilty before a magisterial district judge at any time up to the completion of the preliminary hearing or the waiver thereof.

(B)  The magisterial district judge may refuse to accept a plea of guilty, and the magisterial district judge shall not accept such plea unless there has been a determination, after inquiry of the defendant, that the plea is voluntarily and understandingly tendered.

(C)  The plea shall be in writing:

    (1)  signed by the defendant, with a representation by the defendant that the plea is entered knowingly, voluntarily, and intelligently; and

    (2)  signed by the magisterial district judge, with a certification that the plea was accepted after a full inquiry of the defendant, and that the plea was made knowingly, voluntarily, and intelligently.

(D)  A defendant who enters a plea of guilty under this rule may, within 30 days after sentence, change the plea to not guilty by so notifying the magisterial district judge in writing.  In such event, the magisterial district judge shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Rule 547, as though the defendant had been held for court.

(E)  Thirty days after the acceptance of the guilty plea and the imposition of sentence, the magisterial district judge shall certify the judgment, and shall forward the case to the clerk of courts of the judicial district for further proceedings.

> COMMENT:  In certain cases, what would ordinarily be a court case within the jurisdiction of the court of common pleas has been placed within the jurisdiction of magisterial district judges.  *See* Judicial Code, 42 Pa.C.S. § 1515(a)(5), (5.1), (6), (6.1), and (7).  This rule provides the procedures to implement this expanded jurisdiction of magisterial district judges.
>
> In those cases in which either the defendant declines to enter a plea of guilty before the magisterial district judge or the magisterial district judge refuses to accept a plea of guilty, the case is to proceed in the same manner as any other court case.

This rule applies whenever a magisterial district judge has jurisdiction to accept a plea of guilty in a court case.

Under paragraph (A), it is intended that a defendant may plead guilty at the completion of the preliminary hearing or at any time prior thereto.

Prior to accepting a plea of guilty under this rule, it is suggested that the magisterial district judge consult with the attorney for the Commonwealth concerning the case, concerning the defendant's possible eligibility for ARD or other types of diversion, and concerning possible related offenses that might be charged in the same complaint. *See Commonwealth v. Campana,* **[452 Pa. 233,]** 304 A.2d 432 (**Pa.** 1973), vacated and remanded, 414 U.S. 808 (1973), on remand, **[455 Pa. 622,]** 314 A.2d 854 (**Pa.** 1974).

Before accepting a plea:

> (a)  The magisterial district judge should be satisfied of jurisdiction to accept the plea, and should determine whether any other related offenses exist that might affect jurisdiction.

> (b)  The magisterial district judge should be satisfied that the defendant is eligible under the law to plead guilty before a magisterial district judge, and, when relevant, should check the defendant's prior record and inquire into the amount of damages.

> (c)  The magisterial district judge should advise the defendant of the right to counsel.  For purposes of appointment of counsel, these cases should be treated as court cases, and the Rule 122 (Appointment of Counsel) procedures should be followed.

> (d)  The magisterial district judge should advise the defendant that, if the defendant wants to change the plea to not guilty, the defendant, within 30 days after imposition of sentence, must notify the magisterial district judge who accepted the plea of this decision in writing.

> (e)  The magisterial district judge should make a searching inquiry into the voluntariness of the

defendant's plea.  A colloquy similar to that suggested in Rule 590 should be conducted to determine the voluntariness of the plea.  At a minimum, the magisterial district judge should ask questions to elicit the following information:

> (1)  that the defendant understands the nature of the charges pursuant to which the plea is entered;
>
> (2)  that there is a factual basis for the plea;
>
> (3)  that the defendant understands that he or she is waiving the right to trial by jury;
>
> (4)  that the defendant understands that he or she is presumed innocent until found guilty;
>
> (5)  that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (6)  that the defendant is aware that the magisterial district judge is not bound by the terms of any plea agreement tendered unless the magisterial district judge accepts such agreement; and
>
> (7)  that the defendant understands that the plea precludes consideration for ARD or other diversionary programs.

*See* Rule 590 and the *Comment* thereto for further elaboration of the required colloquy.  *See also Commonwealth v. Minor*, **[467 Pa. 230,]** 356 A.2d 346 (**Pa.** 1976), overruled on other grounds in *Commonwealth v. Minarik*, **[493 Pa. 573,]** 427 A.2d 623, 627 (**Pa.** 1981); *Commonwealth v. Ingram*, **[455 Pa. 198,]** 316 A.2d 77 (**Pa.** 1974); *Commonwealth v. Martin,* **[445 Pa. 49,]** 282 A.2d 241 (**Pa**. 1971).

While the rule continues to require a written plea incorporating the contents specified in paragraph (C), the form of plea was deleted in 1985 because it is no longer necessary to control the specific form of written plea by rule.

Paragraph (C) does not preclude verbatim transcription of the colloquy and plea.

The time limit for withdrawal of the plea contained in paragraph (D) was increased from 10 days to 30 days in 2014 to place a defendant who enters a plea to a misdemeanor before a magisterial district judge closer to the position of a defendant who pleads guilty to the same offense in common pleas court or a defendant who pleads guilty to a summary offense before a magisterial district judge. A 30-day time period for withdrawal of the plea is consistent with the 30-day period for summary appeal and the 30-day common pleas guilty plea appeal period.

Withdrawal of the guilty plea is the only relief available before a magisterial district judge for a defendant who has entered a plea pursuant to this rule. Any further challenge to the entry of the plea must be sought in the court of common pleas.

**For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.**

At the time of sentencing, or at any time within the 30-day period before transmitting the case to the clerk of courts pursuant to paragraph (E), the magisterial district judge may accept payment of, or may establish a payment schedule for, installment payments of restitution, fines, and costs.

If a plea is not entered pursuant to this rule, the papers must be transmitted to the clerk of courts of the judicial district in accordance with Rule 547. After the time set forth in paragraph (A) for acceptance of the plea of guilty has expired, the magisterial district judge no longer has jurisdiction to accept a plea.

Regardless of whether a plea stands or is timely changed to not guilty by the defendant, the magisterial district judge must transmit the transcript and all supporting documents to the appropriate court, in accordance with Rule 547.

Once the case is forwarded as provided in this rule and in Rule 547, the court of common pleas has exclusive jurisdiction over the case and any plea incident thereto. The case would thereafter proceed in the same manner as any other court case, which would include, for example, the

collection of restitution, fines, and costs; the establishment of time payments; and the supervision of probation in those cases in which the magisterial district judge has accepted a guilty plea and imposed sentence.

NOTE:  Rule 149 adopted June 30, 1977, effective September 1, 1977; *Comment* revised January 28, 1983, effective July 1, 1983; amended November 9, 1984, effective January 2, 1985; amended August 22, 1997, effective January 1, 1998; renumbered Rule 550 and amended March 1, 2000, effective April 1, 2001; amended December 9, 2005,  effective February 1, 2006; amended January 6, 2014, effective March 1, 2014 **[.] ; *Comment* revised March 9, 2016, effective July 1, 2016.**

\*         \*          \*          \*          \*      \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the August 22, 1997 amendments, that clarify the procedures following a district justice's acceptance of a guilty plea and imposition of sentence in a court case published with the Court's order at 27 Pa.B. 4549 (September 6, 1997).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1477 (March 18, 2000).*

*Final Report explaining the December 9, 2005 changes to the  rule clarifying the magisterial district judges' exercise of jurisdiction published with the Court's Order at 35 Pa.B. 6894 (December 24, 2005).*

*Final Report explaining the January 6, 2014 changes to the rule increasing the time for withdrawal of the guilty plea from 10 to 30 days published with the Court's Order at 44 Pa.B. 477 (January 25, 2014).*

*Final Report explaining the March 9, 2016 Comment revision concerning the Rule 705.1 restitution procedures published with the Court's Order at 46 Pa.B.   (        , 2016).*

RULE 590.  PLEAS AND PLEA AGREEMENTS.

(A)  GENERALLY.

(1)  Pleas shall be taken in open court.

(2)  A defendant may plead not guilty, guilty, or, with the consent of the judge, nolo contendere.  If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3)  The judge may refuse to accept a plea of guilty or nolo contendere, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered.  Such inquiry shall appear on the record.

(B)  PLEA AGREEMENTS.

(1)  When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.

(2)  The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of nolo contendere is based.

(C)  MURDER CASES.

In cases in which the imposition of a sentence of death is not authorized, when a defendant enters a plea of guilty or nolo contendere to a charge of murder generally, the degree of guilt shall be determined by a jury unless the attorney for the Commonwealth elects to have the judge, before whom the plea was entered, alone determine the degree of guilt.

> COMMENT:  The purpose of paragraph (A)(2) is to codify the requirement that the judge, on the record, ascertain from the defendant that the guilty plea or plea of nolo contendere is voluntarily and understandingly tendered.  On the mandatory nature of this practice, see *Commonwealth v.*

*Ingram,* **[455 Pa. 198,]** 316 A.2d 77 (**Pa.** 1974); *Commonwealth v. Campbell*, **[451 Pa. 198,]** 304 A.2d 121 (**Pa.** 1973); *Commonwealth v. Jackson*, **[450 Pa. 417,]** 299 A.2d 209 (**Pa.** 1973).

It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty or a plea of nolo contendere. Court decisions may add areas to be encompassed in determining whether the defendant understands the full impact and consequences of the plea, but is nevertheless willing to enter that plea. At a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

The Court in *Commonwealth v. Willis*, **[471 Pa. 50,]** 369 A.2d 1189 (**Pa.** 1977), and *Commonwealth v. Dilbeck,* **[466 Pa. 543,]** 353 A.2d 824 (**Pa.** 1976), mandated that, during a guilty plea colloquy, judges must elicit the information set

35

forth in paragraphs (1) through (6) above. In 2008, the Court added paragraph (7) to the list of areas of inquiry.

Many, though not all, of the areas to be covered by such questions are set forth in a footnote to the Court's opinion in *Commonwealth v. Martin*, **[445 Pa. 49, 54-55,]** 282 A.2d 241, 244-245 (**Pa.** 1971), in which the colloquy conducted by the trial judge is cited with approval. S*ee also Commonwealth v. Minor*, **[467 Pa. 230,]** 356 A.2d 346 (**Pa.** 1976), and *Commonwealth v. Ingram,* **[455 Pa. 198,]** 316 A.2d 77 (**Pa.** 1974). As to the requirement that the judge ascertain that there is a factual basis for the plea, see *Commonwealth v. Maddox,* **[450 Pa. 406,]** 300 A.2d 503 (**Pa.** 1973) and *Commonwealth v. Jackson*, **[450 Pa. 417,]** 299 A.2d 209 (**Pa.** 1973).

It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination. Its use would not, of course, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of nolo contendere.

The "terms" of the plea agreement, referred to in paragraph (B)(1), frequently involve the attorney for the Commonwealth -- in exchange for the defendant's plea of guilty or nolo contendere, and perhaps for the defendant's promise to cooperate with law enforcement officials -- promising concessions such as a reduction of a charge to a less serious offense, the dropping of one or more additional charges, a recommendation of a lenient sentence, or a combination of these. In any event, paragraph (B) is intended to insure that all terms of the agreement are openly acknowledged for the judge's assessment. *See, e.g., Commonwealth v. Wilkins,* **[442 Pa. 542,]** 277 A.2d 341 (**Pa.** 1971).

36

The 1995 amendment deleting former paragraph (B)(1) eliminates the absolute prohibition against any judicial involvement in plea discussions in order to align the rule with the realities of current practice. For example, the rule now permits a judge to inquire of defense counsel and the attorney for the Commonwealth whether there has been any discussion of a plea agreement, or to give counsel, when requested, a reasonable period of time to conduct such a discussion. Nothing in this rule, however, is intended to permit a judge to suggest to a defendant, defense counsel, or the attorney for the Commonwealth, that a plea agreement should be negotiated or accepted.

Under paragraph (B)(1), upon request and with the consent of the parties, a judge may, as permitted by law, order that the specific conditions of a plea agreement be placed on the record in camera and that portion of the record sealed. Such a procedure does not in any way eliminate the obligation of the attorney for the Commonwealth to comply in a timely manner with Rule 573 and the constitutional mandates of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Similarly, the attorney for the Commonwealth is responsible for notifying the cooperating defendant that the specific conditions to which the defendant agreed will be disclosed to third parties within a specified time period, and should afford the cooperating defendant an opportunity to object to the unsealing of the record or to any other form of disclosure.

When a guilty plea, or plea of nolo contendere, includes a plea agreement, the 1995 amendment to paragraph (B)(2) requires that the judge conduct a separate inquiry on the record to determine that the defendant understands and accepts the terms of the plea agreement. *See Commonwealth v. Porreca*, **[528 Pa. 46,]** 595 A.2d 23 (<u>Pa.</u> 1991).

Former paragraph (B)(3) was deleted in 1995 for two reasons. The first sentence merely reiterated an earlier provision in the rule. See paragraph (A)(3). The second sentence concerning the withdrawal of a guilty plea was deleted to eliminate the confusion being generated when that provision was read in conjunction with Rule 591. As provided in Rule 591, it is a matter of judicial discretion and

case law whether to permit or direct a guilty plea or plea of nolo contendere to be withdrawn. *See also Commonwealth v. Porreca,* **[528 Pa. 46,]** 595 A.2d 23 (**Pa.** 1991) (the terms of a plea agreement may determine a defendant's right to withdraw a guilty plea).

For the procedures governing the withdrawal of a plea of guilty or nolo contendere, see Rule 591.

**For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.**

Paragraph (C) reflects a change in Pennsylvania practice, that formerly required the judge to convene a panel of three judges to determine the degree of guilt in murder cases in which the imposition of a sentence of death was not statutorily authorized. The 2008 amendment to paragraph (C) and the *Comment* recognizes the Commonwealth's right to have a jury determine the degree of guilt following a plea of guilty to murder generally. *See* Article I, § 6 of the Pennsylvania Constitution that provides that "the Commonwealth shall have the same right to trial by jury as does the accused." *See also Commonwealth v. White,* **[589 Pa. 642,]** 910 A.2d 648 (**Pa.** 2006).

NOTE: Rule 319(a) adopted June 30, 1964, effective January 1, 1965; amended November 18, 1968, effective February 3, 1969; paragraph (b) adopted and title of rule amended October 3, 1972, effective 30 days hence; specific areas of inquiry in *Comment* deleted in 1972 amendment, reinstated in revised form March 28, 1973, effective immediately; amended June 29, 1977 and November 22, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; paragraph (c) added and *Comment* revised May 22, 1978, effective July 1, 1978; *Comment* revised November 9, 1984, effective January 2, 1985; amended December 22, 1995, effective July 1, 1996; amended July 15, 1999, effective January 1, 2000; renumbered Rule 590 and *Comment* revised March 1, 2000, effective April 1, 2001; amended September 18, 2008, effective November 1, 2008 **[.]** **; *Comment* revised March 9, 2016, effective July 1, 2016.**

*    *    *    *    *    *

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the December 22, 1995 amendments published with the Court's Order at 26 <u>Pa.B.</u> 8 (January 6, 1996).*

*<u>Final</u> <u>Report</u> explaining the July 15, 1999 changes concerning references to <u>nolo</u> <u>contendere</u> pleas and cross-referencing Rule 320 published with the Court's Order at 29 <u>Pa.B.</u> 4057 (July 31, 1999).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the September 18, 2008 amendments to paragraph (C) concerning juries determining degree of guilt published with the Court's Order at 38 <u>Pa.B.</u> 5429 (October 4, 2008).*

*<u>Final Report explaining the March 9, 2016 Comment revision concerning the Rule 705.1 restitution procedures published with the Court's Order at 46 Pa.B.    (        , 2016).</u>*

RULE 704.  PROCEDURE AT TIME OF SENTENCING.

(A)  TIME FOR SENTENCING.

(1)  Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*.

(2)  When the date for sentencing in a court case must be delayed, for good cause shown, beyond the time limits set forth in this rule, the judge shall include in the record the specific time period for the extension.

(3)  In a summary case appeal, sentence shall be imposed immediately following a determination of guilt at a trial *de novo* in the court of common pleas.

(B)  ORAL MOTION FOR EXTRAORDINARY RELIEF.

(1)  Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

(2)  The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3)  A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

(C)  SENTENCING PROCEEDING.

(1)  At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

(2)  The judge shall state on the record the reasons for the sentence imposed.

(3)  The judge shall determine on the record that the defendant has been advised of the following:

(a)  of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal;

(b)  of the rights,

(i)      if the defendant is indigent, to proceed *in forma pauperis* and

> > to proceed with appointed counsel as provided in Rule 122, or,
>
> > (ii) if represented by retained counsel, to proceed with retained counsel unless the court has granted leave for counsel to withdraw pursuant to Rule 120(B);
>
> (c) of the time limits within which post-sentence motions must be decided;
>
> (d) that issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion; and
>
> (e) of the defendant's qualified right to bail under Rule 521(B).

(4) The judge shall require that a record of the sentencing proceedings be made and preserved so that it can be transcribed as needed. The record shall include:

> (a) the record of any stipulation made at a pre-sentence conference; and
>
> (b) a verbatim account of the entire sentencing proceeding.

> COMMENT: The rule is intended to promote prompt and fair sentencing procedures by providing reasonable time limits for those procedures, and by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights.
>
> Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition) governs sentencing procedures after a revocation of probation, intermediate punishment, or parole.
>
> TIME FOR SENTENCING
>
> As a general rule, the date for sentencing should be scheduled at the time of conviction or the entry of a plea of guilty or *nolo contendere*.
>
> Under paragraph (A)(1), sentence should be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo contendere*, unless the court orders a psychiatric or psychological examination pursuant to Rule 702(B). Such an order should extend the time for sentencing for only as much time as is reasonably required, but in no event should

41

sentencing be extended for more than 30 days beyond the original 90-day limit.  In summary appeal cases, however, sentence must be imposed immediately at the conclusion of the *de novo* trial.

Paragraph (A)(2) is not intended to sanction *pro forma* requests for continuances.  Rather, it permits the judge to extend the time limit for sentencing under extraordinary circumstances only.  For example, additional pre-sentence procedures may be required by statute.  *See* 42 Pa.C.S. §§ **[9791-9799.5]** <u>9799.11-9799.41</u> for pre-sentence assessment and hearing procedures for persons convicted of sexually violent offenses.  **[*See also* 42 Pa.C.S. § 9714(c) for hearing to determine high risk dangerous offender status.]**

Because such extensions are intended to be the exception rather than the rule, the extension must be for a specific time period, and the judge must include in the record the length of the extension.  A hearing need not be held before an extension can be granted.  Once a specific extension has been granted, however, some provision should be made to monitor the extended time period to insure prompt sentencing when the extension period expires.

Failure to sentence within the time specified in paragraph (A) may result in the discharge of the defendant.  *See Commonwealth v. Anders*, **[555 Pa. 467,]** 725 A.2d 170 (<u>Pa.</u> 1999) (discharge is appropriate remedy for violation of Rule **[1405]** <u>704</u> time limits, but only if the defendant can demonstrate that the delay in sentencing was prejudicial to the defendant).


ORAL MOTION FOR EXTRAORDINARY RELIEF

Under paragraph (B), when there has been an error in the proceedings that would clearly result in the judge's granting relief post-sentence, the judge should grant a motion for extraordinary relief before sentencing occurs.  Although trial errors may be serious and the issues addressing those errors meritorious, this rule is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential.  It would be appropriate for counsel to move for extraordinary relief, for example, when there has been a change in case law, or, in a multiple count

42

case, when the judge would probably grant a motion in arrest of judgment on some of the counts post-sentence. Although these examples are not all-inclusive, they illustrate the basic purpose of the rule:  when there has been an egregious error in the proceedings, the interests of justice are best served by deciding that issue before sentence is imposed.  Because the relief provided by this section is extraordinary, boilerplate motions for extraordinary relief should be summarily denied.

Under paragraph (B)(2), the motion must be decided before sentence is imposed, and sentencing may not be postponed in order to dispose of the motion.  The judge may summarily deny the motion or decide it on the merits.

Paragraph (B)(3) is intended to make it clear that a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal.  The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue.  Conversely, the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.

SENTENCING PROCEDURES

Paragraph (C)(1) retains the former requirement that the judge afford the defendant an opportunity to make a statement and counsel the opportunity to present information and argument relative to sentencing.  The defendant's right to allocution at sentencing is well established, and the trial judge must inform the defendant of that right.  *See Commonwealth v. Thomas*, **[520 Pa. 206,]** 553 A.2d 918 (**Pa.** 1989).

The duty of the judge to explain to the defendant the rights set forth in paragraph (C)(3) is discussed in *Commonwealth v. Wilson*, **[430 Pa. 1, 5,]** 241 A.2d 760, 763 (**Pa.** 1968), and *Commonwealth v. Stewart*, **[430 Pa. 7, 8,]** 241 A.2d 764, 765 (**Pa.** 1968).

The judge should explain to the defendant, as clearly as possible, the timing requirements for making and deciding a post-sentence motion under Rule 720.  The judge should also explain that the defendant may choose whether to file a

43

post-sentence motion and appeal after the decision on the motion, or to pursue an appeal without first filing a post-sentence motion.

Paragraph (C)(3) requires the judge to ensure the defendant is advised of his or her rights concerning post-sentence motions and appeal, and the right to proceed with counsel. *See, e.g., Commonwealth v. Librizzi*, 810 A.2d 692 (Pa. Super. 2002).

The rule permits the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the sentencing proceeding. This written colloquy must be supplemented by an on-the-record oral examination to determine that the defendant has been advised of the applicable rights enumerated in paragraph (C)(3) and that the defendant has signed the form.

Other, additional procedures are required by statute. *See, e.g.,* 42 Pa.C.S. § 9756(b)(3) that imposes requirements on the judge when a defendant may be eligible to participate in a re-entry plan and 42 Pa.C.S. § 9756(b.1) that imposes requirements on the judge when a defendant may be eligible for a recidivism risk reduction incentive (RRRI) minimum sentence; 42 Pa.C.S. § **[9795.3] 9799.23** that requires the judge to inform certain offenders of the duty to register; and 42 Pa.C.S. § 9813 that imposes requirements on the judge when a defendant may be eligible for work release.

After sentencing, following a conviction in a trial *de novo* in a summary case, the judge should advise the defendant of the right to appeal and the time limits within which to exercise that right, the right to proceed *in forma pauperis* and with appointed counsel to the extent provided in Rule 122(A), and of the qualified right to bail under Rule 521(B). *See* paragraphs (C)(3)(a), (b), and (e). *See also* Rule 720(D) (no post-sentence motion after a trial *de novo*).

After sentencing, the judge should inquire whether the defendant intends to file a post-sentence motion or to appeal, and if so, should determine the defendant's bail status pursuant to paragraph (C)(3)(e) and Rule 521. It is recommended, when a state sentence has been imposed, that the judge permit a defendant who cannot make bail to remain incarcerated locally, at least for the 10-day period during which counsel may file the post-sentence motion.

When new counsel has been appointed or entered an appearance for the purpose of pursuing a post-sentence motion or appeal, the judge should consider permitting the defendant to remain incarcerated locally for a longer period to allow new counsel time to confer with the defendant and become familiar with the case. *See also* Rule 120 (Attorneys -- Appearances and Withdrawals).

It is difficult to set forth all the standards that a judge must utilize and consider in imposing sentence. It is recommended that, at a minimum, the judge look to the standards and guidelines as specified by statutory law. *See* the Judicial Code, 42 Pa.C.S. § 9701 *et seq. See also Commonwealth v. Riggins*, **[474 Pa. 115,]** 377 A.2d 140 (**Pa.** 1977) and *Commonwealth v. Devers*, **[519 Pa. 88,]** 546 A.2d 12 (**Pa.** 1988). The judge also should consider other preexisting orders imposed on the defendant. *See* 18 Pa.C.S. § 1106(c)(2)(iv). *And see* 42 Pa.C.S. § 9728.

**[In all cases in which restitution is imposed, the sentencing judge must state on the record the amount of restitution, if determined at the time of sentencing, or the basis for determining an amount of restitution. *See* 18 Pa.C.S. § 1106 and 42 Pa.C.S. §§ 9721, 9728.]**

**For procedures in cases in which restitution is imposed, see Rule 705.1.**

For the right of a victim to have information included in the pre-sentence investigation report concerning the impact of the crime upon him or her, see **[71 P.S. § 180-9.3(1)]** **18 P.S. §11.201(4)-(5)** and Rule 702(A)(4).

For the duty of the sentencing judge to state on the record the reasons for the sentence imposed, see *Commonwealth v. Riggins*, **[474 Pa. 115,]** 377 A.2d 140 (**Pa.** 1977) and *Commonwealth v. Devers*, **[519 Pa. 88,]** 546 A.2d 12 (**Pa.** 1988). If the sentence initially imposed is modified pursuant to Rule 720(B)(1)(a)(v), the sentencing judge should ensure that the reasons for the ultimate sentence appear on the record. *See also* Sentencing Guidelines, 204 Pa. Code §§ **[303.1(b), 303.1(h), and 303.3(2)]** **303.1(d)-(e) and 303.13(c)**.

In cases in which a mandatory sentence is provided by law, when the judge decides not to impose a sentence greater

than the mandatory sentence, regardless of the number of charges on which the defendant could be sentenced consecutively, and when no psychiatric or psychological examination is required under Rule 702(B), the judge may immediately impose that sentence. *But see* Rule 702(A)(2), which requires that the court state on the record the reasons for dispensing with a pre-sentence report under the circumstances enumerated therein. *See also* 42 Pa.C.S. § 9721 *et seq.*

No later than 30 days after the date of sentencing, a Pennsylvania Commission on Sentencing Guideline Sentence Form must be completed at the judge's direction and made a part of the record. In addition, a copy of the form must be forwarded to the Commission on Sentencing. 204 PA. CODE § 303.1(e).

With respect to the recording and transcribing of court proceedings, including sentencing, see Rule 115.

NOTE: Previous Rule 1405 approved July 23, 1973, effective 90 days hence; *Comment* amended June 30, 1975, effective immediately; *Comment* amended and paragraphs (c) and (d) added June 29, 1977, effective September 1, 1977; amended May 22, 1978, effective as to cases in which sentence is imposed on or after July 1, 1978; *Comment* amended April 24, 1981, effective July 1, 1981; *Comment* amended November 1, 1991, effective January 1, 1992; rescinded March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994, and replaced by present Rule 1405. Present Rule 1405 adopted March 22, 1993, effective as to cases in which the determination of guilt occurs on or after January 1, 1994; amended January 3, 1995, effective immediately; amended September 13, 1995, effective January 1, 1996. The January 1, 1996 effective date extended to April 1, 1996. *Comment* revised December 22, 1995, effective February 1, 1996. The April 1, 1996 effective date extended to July 1, 1996. *Comment* revised September 26, 1996, effective January 1, 1997; *Comment* revised April 18, 1997, effective immediately; *Comment* revised January 9, 1998, effective immediately; amended July 15, 1999, effective January 1, 2000; renumbered Rule 704 and amended March 1, 2000,

effective April 1, 2001; *Comment* revised March 27, 2003, effective July 1, 2003; amended April 28, 2005, effective August 1, 2005; *Comment* revised March 15, 2013, effective May 1, 2013 **[.]** **; *Comment* revised March 9, 2016 effective July 1, 2016.**

\*　　　\*　　　\*　　　\*　　　\*　　　\*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the provisions of the new rule published with the Court's Order at 23 Pa.B. 1699 (April 10, 1993).*

*Report explaining the 1995 amendment to paragraph (C)(3) published with the Court's Order at 25 Pa.B. 236 (January 21, 1995).*

*Final Report explaining the September 13, 1995 amendments concerning bail published with the Court's Order at 25 Pa.B. 4116 (September 30, 1995).*

*Final Report explaining the December 22, 1995 Comment revision on restitution published with the Court's Order at 26 Pa.B. 13 (January 6, 1996).*

*Final Report explaining the September 26, 1996 Comment revision on Rule 1409 procedures published with the Court's Order at 26 Pa.B. 4900 (October 12, 1996).*

*Final Report explaining the April 18, 1997 Comment revisions published with the Court's Order at 27 Pa.B. 2122 (May 3, 1997).*

*Final Report explaining the January 9, 1998 Comment revisions concerning Guideline Sentence Forms, and summary case appeal notice, published with the Court's Order at 28 Pa.B. 481 (January 31, 1998).*

*Final Report explaining the July 15, 1999 amendments concerning the time for sentencing published with the Court's Order at 29 Pa.B. 4059 (July 31, 1999).*

47

*Final Report* explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).

*Final Report* explaining the March 27, 2003 *Comment* revision adding cross-references to 18 Pa.C.S. § 1106 and 42 Pa.C.S. § 9728 published with the Court's Order at 33 Pa.B. 1928 (April 19, 2003).

*Final Report* explaining the April 28, 2005 amendments to paragraph (C)(3)(b) concerning retained counsel's obligations published with the Court's Order at 35 Pa.B. 2855 (May 14, 2005).

*Final Report* explaining the March 15, 2013 revision of the *Comment* adding citations to the Sentencing Code published with the Court's Order at 43 Pa.B. 1702 (March 30, 2013).

*Final Report explaining the March 9, 2016 revision of the Comment adding a cross-reference to Rule 705.1 concerning restitution published with the Court's Order at 46 Pa.B.    (    , 2016).*

(This is an entirely new rule.)

RULE 705.1.  RESTITUTION.

(A)  At the time of sentencing, the judge shall determine what restitution, if any, shall be imposed.

(B)  In any case in which restitution is imposed, the judge shall state in the sentencing order:

(1) the amount of restitution ordered;

(2) the details of a payment plan, if any, including when payment is to begin;

(3) the identity of the payee(s);

(4) to which officer or agency the restitution payment shall be made;

(5) whether any restitution has been paid and in what amount; and

(6) whether the restitution has been imposed as a part of the sentence and/or as a condition of probation.

> COMMENT: This rule provides the procedures for the statutory requirement for the judge to impose restitution.  In all cases in which restitution is imposed, the sentencing judge must state on the record the amount of restitution at the time of sentencing.  *See* 18 Pa.C.S. § 1106 and 42 Pa.C.S. §§ 9721, 9728.
>
> The extent of restitution also may be provided by statute. *See*, *e.g.*, 18 Pa.C.S. § 1107 (restitution for timber theft); § 1107.1 (restitution for identity theft); and § 1110 (restitution for cleanup of clandestine labs).
>
> When imposing restitution, the sentencing judge should consider whether the defendant has received notice of the intention to seek restitution prior to the hearing and whether the defendant intends to object to the imposition of restitution.  The sentencing hearing may need to be continued as a result.

Paragraph (B)(6) requires that the sentencing order make clear whether any restitution is being imposed as a part of the sentence pursuant to 18 Pa.C.S. § 1106 or as a condition of probation pursuant to 42 Pa.C.S. § 9754.  Unlike restitution imposed under §1106 that is penal in nature, restitution imposed as a condition of probation is primarily aimed at rehabilitation.  Sentences of probation give a trial court the flexibility to determine all the direct and indirect damages caused by a defendant. *Commonwealth v. Harner,* 617 A.2d 702 (Pa. 1992); *Commonwealth v. Hall*, 80 A.3d 1204 (Pa. 2013).  Because a term of probation may not exceed the maximum term for which the defendant could be confined, and a court cannot enforce a restitution sentence past the statutory maximum date, a court may not require that restitution imposed as a condition of probation be paid beyond the statutory maximum date. *Commonwealth v. Karth*, 994 A.2d 606 (Pa. Super. 2010).

Certain costs are mandatory and must be imposed. *See, e.g.*, Section 1101 of the Crime Victims Act, 18 P.S. § 11.1101.

NOTE:  New Rule 705.1 adopted March 9, 2016, effective July 1, 2016.


\*          \*          \*          \*          \*          \*


***COMMITTEE EXPLANATORY <u>REPORTS</u>:***

***<u>Final Report explaining new Rule 705.1 concerning sentences of restitution published with the Court's Order at 46 Pa.B.     (          , 2016).</u>***

RULE 1010.  PROCEDURES FOR TRIAL *DE NOVO*.

(A)  When a defendant appeals after conviction by a Municipal Court judge,

> (1)  in a non-traffic summary case, upon the filing of the transcript and other papers, the case shall be heard *de novo* by the judge of the Court of Common Pleas sitting without a jury.

> (2)  In a Municipal Court case, the attorney for the Commonwealth, upon receiving the notice of appeal, shall prepare an information and the matter shall thereafter be treated in the same manner as any other court case.

(B)  If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge.

(C)  Withdrawals of Appeals

> (1)  If the defendant withdraws the appeal, the Common Pleas Court judge shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge.

> (2)  In a Municipal Court case, the defendant may withdraw the appeal only with the written consent of the attorney for the Commonwealth.

(D)  At the time of sentencing, the Common Pleas Court judge shall:

> (1)  if the defendant's sentence includes restitution, a fine, or costs, state**:**

> > **(a)  the amount of the fine and the obligation to pay costs;**

> > **(b)  the amount of restitution ordered, including**

> > > **(i)  the identity of the payee(s),**

> > > **(ii) to whom the restitution payment shall be made, and**

> > > **(iii) whether any restitution has been paid and in what amount; and**

> > **(c)**  the date on which payment is due.

If the defendant is without the financial means to pay the amount in a single remittance, the Common Pleas Court judge may provide for installment payments and shall state the date on which each installment is due;

(2) advise the defendant of the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed and the Common Pleas Court judge may set bail;

(3) if a sentence of imprisonment has been imposed, direct the defendant to appear for the execution of sentence on a date certain unless the defendant files a notice of appeal within the 30-day period; and

(4) issue a written order imposing sentence, signed by the Common Pleas Court judge. The order shall include the information specified in paragraphs (D)(1) through (D)(3), and a copy of the order shall be given to the defendant.

(E) After entry of judgment pursuant to paragraphs (B) or (C)(1), or after the trial *de novo* and imposition of sentence, the case shall remain in the Court of Common Pleas for the execution of sentence, including for the collection of any fines and restitution, for the collection of any costs, and for proceedings for violation of probation, intermediate punishment, or parole pursuant to Rule 708.

COMMENT: In any case in which there are summary offenses joined with the misdemeanor charges that are the subject of the appeal, the attorney for the Commonwealth must include the summary offenses in the information. *See Commonwealth v. Speller*, **[311 Pa. Super. 569,]** 458 A.2d 198 (**Pa. Super.** 1983).

Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is absent without cause from the trial *de novo*. If the appeal is dismissed, the Common Pleas Court judge must enter judgment and order execution of any sentence imposed by the Municipal Court judge. Nothing in this rule is intended to preclude the judge from issuing a bench warrant when the defendant fails to appear.

**Certain costs are mandatory and must be imposed. *See, e.g.*, Section 1101 of the Crime Victims Act, 18 P.S. § 11.1101.**

**For the procedures concerning sentences that include restitution in court cases, see Rule 705.1.**

Once a judgment is entered and sentence is imposed, paragraph (E) makes it clear that the case is to remain in the Court of Common Pleas for execution of the sentence and collection of any costs, and the case may not be returned to the Municipal Court judge. The execution of sentence includes the collection of any fines and restitution and any proceedings for violation of probation, intermediate punishment, or parole as provided by Rule 708.

NOTE: Rule 6010 adopted December 30, 1968, effective January 1, 1969; amended July 1, 1980, effective August 1, 1980; amended August 28, 1998, effective immediately; renumbered Rule 1010 March 1, 2000, effective April 1, 2001; *Comment* revised March 9, 2006, effective September 1, 2006; amended February 12, 2010, effective April 1, 2010; amended September 21, 2011, effective November 1, 2011**[.] ; amended March 9, 2016, effective July 1, 2016.**

*         *         *         *         *         *

*COMMITTEE EXPLANATORY* <u>*REPORTS*</u>*:*

*<u>Final</u> <u>Report</u> explaining the August 28, 1998 amendment published with the Court's Order at 28 <u>Pa.B.</u> 4627 (September 12, 1998).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final Report</u> explaining the March 9, 2006 <u>Comment</u> revision concerning joinder of summary offenses with misdemeanor charges published with the Court's Order at 36 <u>Pa.B.</u> 1385 (March 25, 2006).*

*Final Report* explaining the February 12, 2010 amendments to paragraph (B) concerning the disposition of summary offenses at the court of common pleas published with the Court's Order at 40 Pa.B. 1068 (February 27, 2010).

*Final Report* explaining the September 21, 2011 amendments to paragraphs (A)-(C) and adding new paragraphs (D) and (E) concerning the procedures for trials de novo in the Court of Common Pleas published with the Court's Order at 41 Pa.B. 5353 (October 8, 2011).

*Final Report explaining the March 9, 2016 amendments to paragraph (D) concerning required elements of the sentence published with the Court's Order at 46 Pa.B.      (      , 2016).*